THE STATE OF OHIO, APPELLEE, v. BROWN, APPELLANT.

(No. CA-5718—Decided February 10, 1982.)

*Mr. James R. Unger,* county prosecutor, for appellee.

*Mr. Richard R. Kuhn,* county public defender, for appellant.

HENDERSON, P.J. This is an appeal from a judgment of the Court of Common Pleas of Stark County finding defendant-appellant, John T. Brown, guilty of a violation of R.C. 2919.21 (A)(4) (criminal non-support).

Appellant raises the following assignments of error:

"I. The provision of O.R.C. 2919.21 (A)(4) which permits a criminal conviction for failure to comply with a prior civil order of support denies due process of law under the United States Constitution.

"II. O.R.C. 2919.21 (A)(4) was improperly applied in this case and it was prejudicial error to allow the prior civil finding to be admitted as conclusive evidence of criminal liability.

"III. The denial of the motion for a blood test was a violation of the defendant's rights to equal protection under the law.

"IV. The denial of the appellant's defense is manifestly against the weight of the evidence."

The evidence in this case indicates that on March 26, 1981 appellant was found to be the father of Angela Lynn Collmar by a jury in a paternity action. No support payments have been made by him although a support order was entered by the juvenile court. The evidence indicates that the minor child has been supported by a third party and that the mother is not eligible for A.D.C. The evidence further indicates that appellant was unemployed from March 26, 1981 to the date of trial, August 12, 1981, that he had gone bankrupt and that he was at the time of trial qualified for welfare.

## I

Appellant's first assignment of error is that R.C. 2919.21 (A)(4), which permits a criminal conviction for failure to comply with a prior civil order of support, denies him due process of law under the United States Constitution.

An examination of R.C. 2919.21 indicates:

"(A) No person shall abandon, or fail to provide adequate support to:
"* * *

"(4) Any person whom, by law or by court order or decree, the offender is legally obliged to support."

The evidence in this case was stipulated and appellant agreed that there was a duty (established in a paternity proceeding wherein a jury found him to be the father of the child born to Carol Collmar on March 16, 1980) to support the minor child of Carol Collmar and the duty had been breached. Appellant cites absolutely no fundamental rights which have been violated and he is not specific in any manner in indicating in what ways he was denied due process of law.

Actually, appellant argues that paternity is an issue in a non-support case even where paternity has already been adjudicated in a proceeding under R.C. 3111.01 *et seq.* We find that the Ohio Legislature has removed paternity as an element of the crime of non-support by the passage of R.C. 2919.21 (A)(4). That section provides the basis for establishing an accused's duty to support by the introduction into evidence of a prior court order or decree requiring support. Such introduction into evidence is conclusive only of the accused's duty to support in the same manner as testimony would be in a prosecution under R.C. 2919.21 (A)(2). The mere introduction of the evidence of the duty to support is never sufficient to warrant a conviction of criminal non-support without showing a breach of that duty.

We find in this case that appellant was in no way denied any of his due process rights under the United States or Ohio Constitutions. The paternity judgment was not admitted into evidence for the purpose of proving paternity but for the sole purpose of showing the duty of the accused as a judicial fact previously determined. We note further that no appeal was ever taken from the paternity decision of the court below and it is not proper in this criminal non-support action for appellant to attack the order determining paternity.

We uphold the right of the Ohio Legislature to pass R.C. 2919.21 (A)(4) and hold that there is a rational nexus between the statute and state policy in providing criminal sanctions for the non-support of several classes of persons which include both legitimate and illegitimate children. There is nothing in this legislation that indicates that it is incompatible with Ohio constitutional provisions. (See *Hilton* v. *Toledo* [1980], 62 Ohio St. 2d 394 [16 O.O.3d 430].)

For the reasons set forth hereinabove, we hereby specifically overrule appellant's first assignment of error.

## II

Appellant asserts the arguments of unconstitutionality without showing any violation of a fundamental right, any suspect classification or any selective type of enforcement. Criminal liability was not

founded in this case upon the mere introduction of appellant's paternity adjudication. It was necessary for the state to prove a breach of the duty to support and the state did prove this element of the crime of non-support by other evidence, to wit: the failure of appellant to make payment to the complaining witness. It is only upon the introduction of this type of evidence that appellant could be convicted of criminal non-support.

We repeat that paternity was not an issue in this case. By choosing not to appeal the decision of the juvenile court, appellant has waived his right to attack the determination of paternity in this criminal non-support action. The evidence herein indicates that appellant contributed no support, either in money or in kind, before or after the time alleged in the complaint. All of these matters were stipulated to by appellant and we specifically find that it was not error for the trial court to allow the prior civil determination of paternity to be admitted into evidence for the purpose of proving the duty to support.

For the reasons set forth hereinabove, we hereby specifically overrule appellant's second assignment of error.

### III

Appellant's third assignment of error is that the overruling of his motion for a blood test was a denial of his right to equal protection under the law.

Here again, appellant is attempting to attack the previous paternity decision which had been made in the juvenile court. A request for a blood test is relevant only to the defense of non-paternity and non-paternity is not a defense to prosecution for non-support under R.C. 2919.21 (A)(4). Even though appellant is indigent and was not afforded a blood test, there is no violation of his constitutional right to equal protection under the law because he is not entitled to attack the issue of paternity in this criminal non-support action. The sole case cited by appellant is *State* v. *Snyder* (1952), 157 Ohio St. 15 [47 O.O. 24], which we find to have been legislatively overruled by R.C. 3111.17 and 2919.21 (A)(4). R.C. 3111.17 specifically addresses and approves the availability of criminal sanctions and the admissibility of paternity judgments in non-support proceedings. R.C. 2919.21 (A)(4) provides that persons subject to prior court orders of support who fail to support the persons who are the objects of that order are guilty of non-support.

Since paternity is not an issue in this case, the denial of the motion for a blood test was proper.

For the reasons set forth hereinabove, we hereby specifically overrule appellant's third assignment of error.

### IV

The fourth assignment of error goes to the denial of appellant's affirmative defense. Appellant asserts that having established an affirmative defense, he should have been acquitted at his trial. We have examined this record in detail and we find that the trial court could have found that appellant's testimony was neither credible nor sufficient to establish his affirmative defense of inability to pay. R.C. 2919.21 (B) states:

"It is an affirmative defense to a charge under this section that the actor was unable to provide adequate support, and provided such support as was within his ability and means."

Appellant was required to establish both elements in order to prevail. Lack of means alone cannot excuse lack of effort and there is no evidence in this record to indicate that appellant provided any type of support whether it be money, clothing, food or shelter. Thus, we find that the trial court could properly have found for the state, both upon the basis of credibility and also upon the lack of evidence with regard to providing any type of support as was within appellant's ability and means. Therefore, the trial court's determination that appellant had not established his affirmative defense was proper under these

circumstances. In any event, it is not in our province to disturb the judgment upon which there is sufficient evidence to establish lack of support.

For the reasons set forth herein, we hereby specifically overrule appellant's fourth assignment of error.

For all of the reasons set forth hereinabove, we hereby specifically overrule all four assignments of error raised by appellant and we affirm the judgment of the trial court.

*Judgment affirmed.*

MILLIGAN and MCKEE, JJ., concur.