[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Appellant Vidan Janevski was convicted of two counts of nonsupport of dependents in violation of R.C. 2919.21(A). Specifically, he was convicted of failing to adequately support two of his children for a total accumulated period of twenty-six out of one hundred and four consecutive weeks, in the period from June 1994 through June 1996. In his appeal, Janevski raises one assignment of error-that his conviction was against the weight of the evidence.
When reviewing a weight-of-the-evidence claim, we must weigh the evidence and all reasonable inferences, consider witness credibility, and determine whether, in resolving conflicts in the evidence, the trier of fact lost its way and created such a manifest miscarriage of justice that the conviction must be reversed.[1]
R.C. 2919.21(A) provides that no person shall abandon or fail to provide adequate support to his or her child who is under eighteen years of age or who is physically handicapped and under twenty-one years of age. R.C. 2929.19(D) provides that the accused may establish an affirmative defense to a charge of failure to provide adequate support by proving that (1) he or she was unable to do so, and (2) he or she did provide the support that was within his or her ability and means.
Janevski's ex-wife testified that, during the period in question, she received approximately $24 through the Child Support Enforcement Agency. (The presentence-investigation report indicates that a payment of $81 was made some time in 1996.) During that time, Janevski's children received no funds directly from him, no food, no shelter, no clothing, no medical care, no entertainment, and no emotional support or nurturing. His ex-wife testified that Janevski stopped by the children's residence maybe three times. During cross-examination, she also testified that he was unemployed during the pertinent period, was in the Veteran's Administration domiciliary for part of the time, and did not otherwise see or watch the children.
Janevski's brother testified on his behalf. He testified that Janevski had a job "on and off," but could not remember how long it lasted. One job he mentioned was at a gas station and another involved working on computers. He testified that he saw Janevski with the children several times during the period of alleged neglect. He stated that Janevski was very playful with the children, had a good relationship with them, and would provide them with money for candy and soda when they asked. Janevski's brother also testified that he observed his brother with the male child more than six times between June of 1994 and June of 1996, and with the female child once or twice. He further testified that Janevski told him that the reason he did not apply for welfare benefits was because he did not like "the games" that welfare played.
Janevski testified that he saw his children between 1994 and 1996, but that, for eighteen months during that time, he did not see his children because he was incarcerated for nonsupport. He later testified that his incarceration lasted twenty-eight days. He testified that at some time between 1994 and 1996 he had a job that he had obtained through CETA. He did minor bookkeeping at that position, for which he was paid $6 an hour. He could not recall whether he had made any child-support payments at that time. The job lasted six months. He lived in an apartment for some of that period and did odd jobs at the apartment building to help pay the $25 of his rent that was not subsidized. At other times, he lived with relatives or at a homeless shelter operated by the Vietnam Veterans of America. He also testified that he worked at a car wash part-time for three or four months during the period in question. Janevski testified that he supported his children the best he could and that he always tried to visit them. He had no physical disabilities, some training in electronics, and suffered from depression.
Janevski was required to establish both that he was unable to provide adequate support and that he provided such support as was within his ability and means.[2] Even if Janevski had proved that he was unable to provide adequate support to his children, he failed to establish that he provided such support as was within his ability and means. The evidence shows only that he provided $24 and money for candy and soda when the children requested it. There is nothing to indicate that he provided any other money, food, shelter, or clothing, although during the pertinent period he was employed off and on for short periods of time. He was creative enough to find a means to keep his apartment when he was required to pay $25 a month. It is obviously within his ability to find a means by which to provide some support to his children. "Lack of means alone cannot excuse lack of effort* * *."[3] Thus, we cannot say based on the record before us that the trier of fact lost its way when it determined that Janevski had not established his affirmative defense.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Winkler, JJ.
[1] State v. Martin (1983), 20 Ohio App.3d 172, 175,485 N.E.2d 717, 720-721.
[2] See State v. Brown (1982), 5 Ohio App.3d 220, 451 N.E.2d 1232.
[3] Id. at 222, 451 N.E.2d at 1235.