OPINION
Appellant, Diane Painter, appeals the December 19, 2000 sentencing entry of the Ashtabula County Court of Common Pleas.
Appellant was indicted on May 3, 2000, with three counts of criminal nonsupport of dependents, in violation of R.C. 2919.21(B), felonies of the fifth degree. At appellant's arraignment on May 9, 2000, she entered a plea of not guilty to the charges. A jury trial commenced on October 17, 2000.
The evidence at trial revealed that appellant and Gregory J. Painter ("Gregory") were married in 1981, and four children were born as issue of the marriage: Stacy, Faith, Jeanette, and Mason. On August 12, 1997, appellant and Gregory were granted a divorce. Gregory was designated residential parent and legal custodian of the three minor children. All of the children were minors with the exception of Stacy, who was emancipated. At the time the divorce was granted, appellant was unemployed, and Gregory received disability payments of about $900 per month. The trial court required appellant to pay child support in the amount of $19.50 per week per child, for a total weekly payment of $58.50, plus administration fees.[1] Appellant failed to make any support payments from August 12, 1997, to May 1, 2000. She was $8,619 in arrears as of the date of her sentencing hearing. Appellant claimed that she did not make any payments because she was financially incapable. Yet, she had made no attempt to secure employment since January 1999.
On October 19, 2000, the jury found appellant guilty of all three counts of nonsupport of dependents. A sentencing hearing was held on December 18, 2000. In an entry dated December 19, 2000, she was sentenced to a prison term of six months on each count, with all of the sentences to be served concurrently. Appellant timely filed the instant appeal and now assigns the following as error:
 "[1.] The trial court erred to the prejudice of appellant when it sentenced [her] to a term of six (6) months in prison rather than to community control sanctions.
 "[2.] The trial court erred to the prejudice of appellant when it instructed the jury `the terms "within her ability" and "means" must be applied in the conjunctive or, in other words, together. A lack of means alone cannot excuse lack of effort to pay child support.'"
 For her first assignment of error, appellant posits that the trial court erred by sentencing her to six months in prison instead of community control sanctions.
A reviewing court will not reverse a sentence unless it is shown that the trial court was statutorily incorrect or that it abused its discretion by failing to consider the sentencing factors. State v. Earle
(June 26, 1998), Lake App. No. 96-L-195, unreported, 1998 WL 553014, at 2. An abuse of discretion is more than a mere error of law or an error in judgment; it implies an arbitrary, unreasonable, or unconscionable attitude on the part of the trial court. State v. Adams (1980),62 Ohio St.2d 151, 157. Thus, "`(o)nly if the record is so devoid of support for the trial court's sentencing determination as to demonstrate an abuse of discretion will this court interfere with that sentence.'"State v. Agnes (Oct. 6, 2000), Lake App. No. 99-L-104, unreported, 2000 WL 1488231, at 3, quoting State v. Polhamus (June 18, 1999), Montgomery App. No. 172832, unreported, 1999 WL 1124605, at 3.
A trial court may abuse its discretion by imposing a sentence that disregards statutory criteria, without a suitable explanation. State v.Gephart (May 5, 1995), Geauga App. No. 94-G-1861, unreported, 1995 WL 312653, at 2. In determining whether a sentence imposed by the trial court should be disturbed, R.C. 2953.08(F) requires us to review the presentence investigation report, the trial record, and any oral or written statements made to or by the court when it ordered the sentence.Agnes, supra, unreported, at 3.
In State v. Powell (Jan. 22, 1999), Greene App. No. 98 CA 33, unreported, 1999 WL 22751, at 5, the court held that:
 "*** there is no statutory presumption that a fourth or fifth degree felon be sentenced to community control rather than prison. Although the Sentencing Commission recommended a straight presumption against imprisonment for fourth and fifth degree felonies unless one of the eight enumerated factors increasing the seriousness of the offense existed, the General Assembly was unwilling to accept a straight presumption. Rather, R.C. 2929.13(B) gives general guidance and a `disposition against imprisonment' for fourth and fifth degree felonies. Griffin Katz, Ohio Felony Sentencing Law, 1996-97, pp. 61-62, 67.
 "*** as we read R.C. 2929.13(B)(2), subsection (a) mandates that the trial court impose a prison sentence where it makes a finding under (B)(1) and where it also finds, after considering the R.C. 2929.12
factors, that a prison sentence is consistent with the purposes and principles of sentencing and that the offender is not amenable to a community control sanction. On the other hand, subsection (b) mandates that the trial court impose a community control sanction where it does not make a finding under (B)(1) and where it also finds, after considering the R.C. 2929.12 factors, that a community control sanction or a combination of community control sanctions is consistent with the purposes and principles of sentencing." (Emphasis added.) See, also, State v. Irons (July 30, 1999), Geauga App. No. 97-G-2108, unreported, 1999 WL 562677, at 3.
 The trial court is given broad discretion in determining the most effective way to uphold these objectives when sentencing an offender. State v. Wright (1998), 126 Ohio App.3d 628, 631.
Therefore, generally, in order to sentence an offender to prison for a fifth degree felony, the court must: (1) find that at least one of the circumstances in R.C. 2929.13(B)(1) exists; (2) consider the factors set forth in R.C. 2929.12, including the factors affecting the seriousness of the offenses and the potential for recidivism found in R.C. 2929.12(B) through (E); (3) find that a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11; and (4) find that the offender is not amenable to available community control sanctions.Irons, supra, unreported, at 5.
At the sentencing hearing, appellant's counsel argued in favor of community control sanctions. Nevertheless, the trial court found that the presumption in favor of community control sanctions was overcome and explained that:
 "Now, the Court's considered the sections that I just read here. Looking through the eight sentencing factors that are set forth in Section 2929.13, again, these deal with physical harm to persons. I can't find there was any physical harm. ***
 "She didn't attempt to cause or threaten the use of physical harm. She didn't hold any public office unless she I guess an argument could be fashioned that she's a parent and she has the position of trust and duty to her children, but I think the sentencing factors as set forth in the Code talk about public office or position, so she's a mother but that's not a public office.
"***
 "So *** none of those eight factors exist; however, when you look at the purposes and principles of the sentencing statutes, the overriding purpose is to punish the offender and protect the public from future crime by the offender.
 "Again, I look at this case [and] the only tool left to me is punishment, because the Court has ordered [appellant] for three years to make child support payments. She's refused to do so. She's gone before a jury and been able to try her ability to pay support, and the jury did not find that she was unable to pay it. There was no evidence that she's got any physical problems. She just refuses to work.
"***
 "*** if she came into this sentencing hearing and said, Judge, now I have a job. Maybe I can't afford a large sum of child support, but I've been paying it regularly and I've got a wage attachment in place now and if you give me Community Controls and I can stay out and work, the child support will be paid. I'm not even hearing that. I'm not being offered one dime here, either on court costs, past due child support or anything else.
"***
 "I think *** the act that she's been convicted [of] does not warrant community controls. For the Court to impose a term of community controls I think would demean the seriousness of the offender's conduct, and the Court finds that there is no series or set of community controls that I can impose that is going to offer any assurance that she's going to commence paying child support, and I think to sit here and issue the same order again after a felony trial is an insult to this Court and I think it demeans the seriousness of her conduct and the cases for which she has been convicted of.
 "Under the other factors, I should comment on those. Under the seriousness factors, she doesn't have a prior adjudication or criminal history, but she certainly has got a history of failing to abide by the child support orders. This has been an ongoing conduct for a period of three years, and I think there's a pattern here. She just absolutely and totally refuses to be gainfully employed and to pay child support. I don't think she shows any remorse whatsoever for her failure to pay child support for the past three years.
 "Under the recidivism unlikely factors, the probation department marked remorse shown, and the explanation is that [appellant] stated she wished she could pay everybody off, but she's not willing to lift a finger to legally acquire the money to do so. So in my opinion, that is not showing any remorse.
 "Under the seriousness factors, the more serious factors, there's an eight thousand six hundred nineteen dollar arrearage ***. I think the victims of the offense, which are the minor children, have suffered serious economic harm in that they have received no aid whatsoever from the non-custodial parent.
 "And I've already commented on I think there is a duty of trust in a fiduciary duty at least in some respect between the mother and the children. In my opinion, she'd rather get even with her ex-husband than take care of her children. That's a shame. Her relationship with the victims have facilitated the offense. She's the mother of the victims.
 "Under the less seriousness factors, the Court finds none of those has had application.
 "So although the Court does not find any of the eight sentencing factors apply in this case, the Court cannot make a finding that a community control sanction or combination of community control sanctions would be consistent with the purposes and principles of the sentencing statute set forth in R.C. 2929.11, and since the Court cannot find any community controls that would be consistent, the Court finds that the Court may impose a term of incarceration in this case."
 Here, the trial court reviewed the factors listed in R.C. 2929.13(B) for sentencing an offender of a fifth degree felony and stated on the record that none of them were present. The trial court indicated "an argument could be fashioned that [appellant is] a parent and she has the position of trust and duty to her children ***, so she's a mother but that's not a public office." This factor is reflected in R.C. 2929.13(B)(1)(d), which states:
 "The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others." (Emphasis added.)
 However, after reviewing the record, it is our position that the trial court did not disregard statutory criteria, and it did provide a suitable explanation as to its reason for imposing a prison term rather than community control sanctions in accordance with Gephart, supra, unreported. Furthermore, one of the factors in R.C. 2929.13(B)(1) was met because appellant held a position of trust since she was the mother of the minor children, and the offenses related to her position.
In addition, we conclude that the trial court carefully considered the factors set out in R.C. 2929.12 before sentencing appellant. The court noted on the record that the seriousness of appellant's conduct was heightened because the victims, her minor children, suffered serious economic harm in the amount of $8,619, as a result of her actions. See R.C. 2929.12(B)(2). The court also cited that appellant's relationship with the victims facilitated the offenses, which is a factor reflected in R.C. 2929.12(B)(6).
None of the mitigating factors contained in R.C. 2929.12(C) were found to apply to appellant's case. Further, although appellant did not have a prior criminal record, the trial court found that appellant refused to be gainfully employed and pay child support, and she showed no remorse for her failure to pay.
For the reasons stated on the record and after considering the factors enumerated in R.C. 2929.12, the trial court found that a prison term was consistent with the principles and purposes of sentencing set forth in R.C. 2929.11, and that appellant was not amenable to an available community control sanction. It was within the discretion of the trial court to determine that the sentence would serve the primary purposes and principles of sentencing. In accordance with R.C. 2929.13(B)(2)(a), the trial court also concluded that the imposition of a prison term was necessary to uphold the purpose of felony sentencing. It is our determination that the sentence was within the statutory limits. Hence, there is no merit to appellant's claim that the trial court erred in sentencing her to six months in prison instead of community control sanctions because the trial court made the requisite findings.
Under her second assignment of error, appellant argues that the trial court erred when it instructed the jury with the following:
 "*** in addition to [appellant's] plea of not guilty, [she] has also raised the affirmative defense of inability to pay. It is an affirmative defense to the Non-support of Dependents where [appellant] was unable to provide the established support but did provide the support that was within her ability and means. The terms `within her ability' and `means' must be applied in the conjunctive, or it other words, together. A lack of means alone cannot excuse lack of effort to pay child support."
 Appellant asserts that the part of the charge, which relates to the terms "within her ability" and "means," was misplaced. The trial court relied on State v. Brown (1982), 5 Ohio App.3d 220, 222, when it instructed the jury that "within her ability" and "means" must be applied together, and that a lack of means alone cannot excuse lack of effort to pay child support.
In State v. Lloyd (Aug. 18, 2000), Lucas App. No. L-99-1362, unreported, 2000 WL 1161898, at 3, quoting Brown, supra, the Sixth Appellate District held that "`[i]n asserting the affirmative defense the accused has the burden of going forward and must prove by a preponderance of the evidence that: (1) he is unable to provide adequate support; and (2) he did provide such support as was within his ability and means. *** In proving the affirmative defense a lack of means cannot excuse a lack of effort on the part of the accused." See, also, State v. Rosenstock
(Dec. 7, 1995), Franklin App. No. 95APA05-517, unreported, 1995 WL 723535, at 6.
It is our view that the charge given to the jury was based on a statement set forth in Brown, which is a correct statement of the law. Therefore, the instruction was proper, and appellant's second assignment of error is without merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
O'NEILL, P.J., NADER, J., concur.
[1] The trial court imputed income to appellant of minimum wage multiplied by forty hours a week because she was a thirty-seven-year-old woman in good health.