OPINION
{¶ 1} Defendant-appellant Leroy Williams appeals his conviction and sentence from the Delaware County Court of Common Pleas on one count of nonsupport or contributing to nonsupport of dependents. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 22, 2005, the Delaware County Grand Jury indicted appellant on one count of nonsupport or contributing to nonsupport of dependents [Count One] in violation of R.C. 2919.21(A)(2), a felony of the fourth degree, and one count of nonsupport or contributing to nonsupport of dependents [Count Two] in violation of R.C. 2919.21(B), also a felony of the fourth degree. The indictment covered the period from April 1, 2003 through March 31, 2005. With respect to Count Two, the indictment alleged that appellant "did, recklessly abandon or fail to provide support as established by a court order to, another person whom, by court order or decree, the offender is legally obligated to support, to wit: Brooke Chenault, DOB: 10/10/88, Lance Chenault, DOB: 9/28/90, and Antoinette Chenault, DOB: 12/9/93, said Defendant previously has been convicted of or pleaded guilty to a felony violation of Ohio Revised Code Section 2919.21, to wit: Case Nos. 97CR-I-11-466 and 02CR-I-09-411, in the Court of Common Pleas, Delaware County, Ohio." At his arraignment on January 10, 2006, appellant entered a plea of not guilty to the charges contained in the indictment.
 {¶ 3} Prior to trial, the State dismissed Count One of the indictment. Thereafter, a jury trial commenced on March 16, 2006. The following testimony was adduced at trial.
 {¶ 4} Wendy Shannon, the enforcement supervisor with the Delaware County Child Support Enforcement Agency (CSEA), testified at trial that appellant was ordered by the Delaware County Juvenile Court to pay child support for three children. According to Shannon, pursuant to a judgment filed in August of 2000, appellant was ordered to pay $134.35 a month per child, for a total of $403.05 a month, plus poundage.[1] Shannon further testified that, as of February 26, 2006, appellant was in arrears $36,304.88 and that appellant had made no child support payments in March of 2003, April of 2003, and June of 2003.
 {¶ 5} When asked what payments appellant made in July of 2003, Shannon testified that appellant made a payment of $120.00 on July 3, 2003 and a payment of $400.00 on July 7, 2003. The payments were made by appellant directly rather than pursuant to a wage withholding order. According to Shannon, appellant made no payments in either August or September of 2003, but made a $165.49 payment in October of 2003 and that, in November of 2003, appellant made numerous payments through wage withholding. Shannon further testified that, while CSEA received two payments in December of 2003 through wage withholding, appellant made no payments during the period from January of 2004 through March of 2005.
 {¶ 6} At trial, Shannon further testified that, in November of 1997, appellant was indicted for failure to pay child support for the same three children and that appellant also was indicted in 2002 for failing to pay support.
 {¶ 7} Appellant testified at trial on his own behalf. Appellant testified that he was sentenced to prison in 2002 for nonsupport and that he was not released until approximately March 26, 2003. Appellant further testified that he attempted to seek employment after his release and finally, in September of 2003, was hired as a painter and began paying support through wage withholding. Appellant testified that he worked as a painter for approximately five months, but lost his job in December of 2003 since the job was seasonal.
 {¶ 8} When asked, appellant testified that he was unable to find employment after he lost his painting job since he "got locked up again." Transcript at 104. Appellant testified that he was in jail from approximately February 24, 2004 until approximately April 9, 2004. The following testimony was adduced when appellant was asked what he did when he got out of jail in April of 2004:
 {¶ 9} "A. Tried to find more work.
 {¶ 10} "Q. Were you able to find more work?
 {¶ 11} "A. Not with something with withholding, like I needed.
 {¶ 12} "Q. Okay. You needed to have a job with withholding?
 {¶ 13} "A. Yes.
 {¶ 14} "Q. And when you talk about withholding, was that where your employer would send part of your money to child support?
 {¶ 15} "A. Correct.
 {¶ 16} "Q. Are you telling me that certain employers don't like to do that?
 {¶ 17} "A. Yes. You know, it's hard getting a job, being a convicted felon. It's just people that take chances.
 {¶ 18} "Q. Okay. And why would they not want to have a withholding, some of those employers?
 {¶ 19} "A. Why wouldn't they want to?
Delaware County App. Case No. 06 CAA 04 0026 5
 {¶ 20} "Q. Yeah. To hire you with a withholding?
 {¶ 21} "A. Because some of them — the type of work I do, they're not set up and equipped for that.
 {¶ 22} "Q. Would any of those people have been paying you under the table, in cash? Is that what they wanted to do?
 {¶ 23} "A. Yeah.
 {¶ 24} "Q. So they didn't want to have a paycheck and everything else; they just wanted to pay you cash and be done with it?
 {¶ 25} "A. Right.
 {¶ 26} "Q. But child support requires you to have a job with a withholding?
 {¶ 27} "A. Correct." Transcript at 105-106.
 {¶ 28} Appellant testified that he was in jail again from August 20, 2004 through January 11, 2005 and then again from April of 2005 through the time of the trial for nonsupport. When asked what kinds of skills he had, appellant testified that he was a painter and that, in the past, he had worked as a laborer but had lost his job after being arrested while on the job. Appellant further testified that he did not have a driver's license because it was suspended for nonsupport. The following testimony was adduced when appellant was asked why he was unable to pay child support:
 {¶ 29} "A. Being incarcerated. Well, what it is, usually when I get locked up in one county, by me being locked up, I can't pay the other county.[2] So then I relapse with paying that county and then the other county comes and gets me. So then, you know, it's just a vicious cycle back and forth, back and forth." Transcript at 110.
 {¶ 30} On cross-examination, appellant admitted that he was court-ordered to pay child support for the three children and that his current child support order required him to pay a total of $403.05 a month. Appellant also admitted that he paid no support in March of 2003, April of 2003, May of 2003, June of 2003, August of 2003, September of 2003, and January of 2004. Appellant further admitted that he was not incarcerated during such months.
 {¶ 31} During cross-examination, appellant also testified that he was healthy, had graduated from high school and attended college for some time, and that, with respect to the period covered by the indictment, the only reason he was unable to pay child support was due to incarceration.
 {¶ 32} On redirect, appellant clarified that he got out of prison in early March of 2003. 
 {¶ 33} At the conclusion of the evidence and the end of deliberations, the jury, on March 16, 2006, found appellant guilty of nonsupport or contributing to nonsupport of dependents in violation of R.C.2919.21(B). As memorialized in a Judgment Entry filed on April 6, 2006, appellant was placed on community control for a period of five years.
 {¶ 34} Appellant now raises the following assignment of error on appeal:
 {¶ 35} "1. THE JURY'S VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE, BECAUSE THE DEFENDANT DEMONSTRATED BY A PREPONDERANCE OF THE EVIDENCE THE AFFIRMATIVE DEFENSE OF INABILITY TO PAY."
 I {¶ 36} Appellant, in his sole assignment of error, argues that the jury's verdict was against the manifest weight of the evidence. We disagree.
 {¶ 37} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983).20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also State v. Thompkins,78 Ohio St.3d 380, 678 N.E.2d 541, 1997-Ohio-52. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin, supra at 175.
 {¶ 38} In the case sub judice, appellant was convicted of nonsupport in violation of R.C. 2919.21(B). R.C. 2919.21(B) states as follows: "No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support." The Ohio Supreme Court has held that R.C. 2929.21(B) requires the State to prove that a defendant was reckless in failing to provide support. See State v. Collins (2000), 89 Ohio St.3d. 524, 733 N.E.2d 1118, 2000-Ohio-231. R.C. 2901.22 states, in relevant part, as follows "(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 39} R.C. 2919.21(D) provides an affirmative defense to the offense of non-support. Such section states as follows: "(D) It is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section or a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means."
 {¶ 40} R.C. 2901.05(A) provides that the burden of production and the burden of proof by a preponderance of the evidence for the affirmative defense is upon the accused. Thus appellant had to prove, by a preponderance of the evidence, that he was unable to provide the court-ordered support and that he did provide such support as was within his ability and means. State v. Brown (1982), 5 Ohio App.3d 220, 222,451 N.E.2d 1232. "Lack of means alone cannot excuse lack of effort." Id.
 {¶ 41} In the case sub judice, appellant did not dispute that he was under court order to pay child support and that he previously had been convicted of a felony charge of nonsupport. Rather, appellant contends that he established, by a preponderance of the evidence, that he was unable to pay child support due to his incarceration. While there was testimony that appellant was in jail during nearly half of the period of time covered by the indictment, appellant did not pay child support for much of the remaining period of time. Appellant admitted at trial that he made no payments in April of 2003, May of 2003, June of 2003, August of 2003, September of 2003, and January of 2004 even though he was not incarcerated during such months. In addition, appellant made no payments in May of 2004, June of 2004, July of 2004, February of 2005, and March of 2005. Appellant in his brief, indicates that he made payments totaling only $1,336.32.
 {¶ 42} At trial, appellant testified that he was healthy and was a high school graduate with some college. While appellant testified that, in the past, he had worked as a laborer, there was a dearth of evidence as to efforts that appellant made to find employment as a laborer. Appellant testified at trial that he worked as a painter, but that such job was only seasonal, causing him to be unemployed during the cold winter months. Furthermore, as noted by appellee, while appellant testified that his job search was limited to employment with automatic withholding, automatic withholding is not a requirement for providing support. In fact, testimony at trial indicated that appellant had made direct payments of child support on previous occasions.
 {¶ 43} Based on the foregoing, we find that appellant failed to prove, by a preponderance of the evidence, that he was unable to provide the court-ordered support and that he provided such support as was within his ability and means. We further find that, in convicting appellant, the jury did not clearly lose its way so as to create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.
 {¶ 44} Appellant's sole assignment of error is, therefore, overruled.
 {¶ 45} Accordingly, the judgment of the Delaware County Court of Common Pleas is affirmed.
Edwards, J., Hoffman, P.J. and Boggins, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Delaware County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] The 2000 order modified the amount of child support that appellant previously was ordered to pay.
[2] Appellant also was ordered to pay child support for children in Franklin County.