[Cite as *State v. Davis*, 2014-Ohio-2769.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100526**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## FRANKLIN DAVIS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-569366

**BEFORE:** Boyle, A.J., Celebrezze, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** June 26, 2014

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
Leader Building, Suite 940
526 Superior Avenue
Cleveland, Ohio   44114

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
BY:   Gittel L. Chaiko
Assistant County Prosecutor
1200 Ontario Street, 9th Floor
Cleveland, Ohio   44113

MARY J. BOYLE, A.J.:

{¶1} Defendant-appellant, Franklin Davis, appeals his conviction for criminal nonsupport, raising two assignments of error:

I. The trial court erred in denying appellant's motion for acquittal when the state failed to present sufficient evidence to sustain a conviction.

II. Appellant's conviction is against the manifest weight of the evidence.

{¶2} Finding no merit to the appeal, we affirm.

Procedural History and Facts

{¶3} In December 2012, Davis was indicted on a single count of criminal nonsupport in violation of R.C. 2919.21(B). The indictment alleged that Davis "recklessly fail[ed] to provide support as established by a court order to [his daughter], whom, by court order or decree Franklin Davis was legally obligated to support." The sole count also carried a furthermore clause, stating that Davis had previously been convicted of a felony violation of this section on January 5, 2010, in Cuyahoga C.P. No. CR-09-520147. The furthermore clause elevated the offense to a fourth-degree felony.

{¶4} Davis pleaded not guilty to the charge, and the matter proceeded to a jury trial where the following evidence was presented.

{¶5} In July 2008, the Cuyahoga County Court of Common Pleas, Juvenile Division, issued a support order requiring Davis to pay $176.59 per month on behalf of his daughter.

**{¶6}** The state offered three witnesses in support of its case that Davis recklessly failed to comply with the court's order of support.

**{¶7}** Catherine McGraw, the mother of Davis's daughter, testified that Davis is employed as a barber at the "Hats Off" barber shop. According to McGraw, Davis would brag about earning $500-$600 per week but that the only time she gets money from him for their daughter's support is when Davis is forced to go to court. McGraw acknowledged that Davis had a drug habit that he received treatment for at a community-based correctional facility. She further acknowledged that "when [Davis] is not using drugs, he's a good person to my daughter. He's a good person to me. But right now, we [sic] on the stand for what he doesn't do."

**{¶8}** The state next offered the testimony of Pauline Raspovic, a support enforcement officer with the Cuyahoga Job and Family Services ("CJFS") office, who testified to the court's order of support and Davis's failure to comply with the order. Raspovic explained that, in addition to Davis's requirement to pay $176.59 per month in support, the juvenile court further ordered him to pay an additional $35.32 per month, effective July 1, 2009, to account for the $1,854. 20 in child support arrears as of April 30, 2009. Raspovic further testified that during the period of August 1, 2010 through September 31, 2012, Davis submitted partial payments for only six months. During this time, according to CJFS's records, Davis was employed at a barber shop. Despite owing $211.91 per month, he made payments as follows:

-October 14, 2010: $50
-October 21, 2010: $50

-December 16, 2010: $100
-December 23, 2010: $50

-June 9, 2011: $25
-June 16, 2011: $100

-July 14, 2011:   $75

-August 31, 2011: $100

-October 6, 2011: $140

{¶9} Raspovic testified that Davis made no payments from November 2011 through July 2012. According to Raspovic, Davis owes $8,004.58 in arrears as of July 31, 2013.

{¶10} The state also offered the testimony of Pamela Cardinal, program coordinator at Oriana House, a community-based correctional facility. Cardinal testified that Davis was admitted into Oriana House on December 19, 2011 and remained until May 11, 2012. According to Cardinal, Davis received drug and alcohol treatment through Oriana House. Cardinal further testified that Davis was permitted to leave the facility to go to work once his employment had been verified. In Davis's case, he left the facility during the day for full-time employment, starting on March 10, 2012, and continuing until he left the program. Cardinal further testified that Oriana House keeps 20 percent of its clients' pay when they are working.

{¶11} Prior to resting its case, the state further offered the journal entry of Davis's prior conviction for nonsupport, which Davis stipulated to its authenticity.

{¶12} Davis testified on his own behalf. He testified as to his employment

history, explaining that he served in the Army from 1987 until December 1990 and received an honorable discharge. In 2002, he obtained his barber's license. Davis acknowledged that he had a substance abuse problem that he has battled since 1993. He further explained that he inconsistently paid on his child support obligation due to relapsing. According to Davis, he is not a "deadbeat" and has always "made attempts" to pay his obligation.

{¶13} On cross-examination, Davis admitted that during the period of July 2010 through August 2012, he worked approximately three to four days a week, working from 9:00 a.m. to "maybe 5:00, maybe 6:00" p.m. According to Davis, his work days essentially depended "on how much drinking and drugging [he] did." During this time, he managed to pay his own rent and buy his own food. Davis further testified that he never looked for additional or other employment to meet his child support obligations.

{¶14} The jury found Davis guilty of the single count of the indictment, and the trial court subsequently sentenced him to five years of community controlled sanctions. This appeal now follows.

## Sufficiency of the Evidence

{¶15} In his first assignment of error, Davis argues that the state failed to present sufficient evidence that he recklessly disregarded his child support obligation. He contends that he paid when he could, and therefore the conviction cannot stand.

{¶16} The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266,

2009-Ohio-3598, ¶ 12.   When an appellate court reviews a record upon a sufficiency challenge, "'the relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'"   *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.   Applying this standard, the state clearly met its burden of production.

{¶17} Davis was convicted of a single count of criminal nonsupport, a violation of R.C. 2919.21(B), which provides that "[n]o person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support."

{¶18} Davis contends that the state failed to present any evidence that he "recklessly failed to pay child support beyond his ability and means."   In support of this argument, Davis relies on an affirmative defense contained in R.C. 2919.21(D), which provides the following:

> It is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section or a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means.

{¶19} Davis's argument, however, is misplaced.   As recognized by the Ohio Supreme Court, the due process "sufficient evidence" guarantee does not implicate affirmative defenses — indeed, proof supportive of an affirmative defense cannot detract

from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 37. Therefore, we address Davis's affirmative defense argument only in our analysis of the manifest weight of the evidence. *See State v. Bagley*, 3d Dist. Allen No. 1-13-31, 2014-Ohio-1787.

**{¶20}** Here, we find that the state presented sufficient evidence that Davis recklessly failed to provide support as ordered by the court. Indeed, the state established that Davis made only a total of nine separate partial payments in a 24-month span, totaling $690 out of the $4,238.16 owed. Davis even admitted that he did not consistently pay his support obligation despite having a court order to do so. Davis's recklessness can be inferred from the fact that he knew he was obligated to support his daughter but knowingly failed to do so. *See State v. Collins*, 89 Ohio St.3d 524, 530, 733 N.E.2d 1118 (2000).

**{¶21}** The first assignment of error is overruled.

<u>Manifest Weight of the Evidence</u>

**{¶22}** In his second assignment of error, Davis argues that his conviction is against the manifest weight of the evidence.

**{¶23}** When an appellate court analyzes a conviction under the manifest weight standard, it must review the entire record, weigh all of the evidence and all of the reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the factfinder clearly lost its way and created such a

manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997). Under a manifest weight standard, an appellate court sits as a "thirteenth juror" and may disagree with the factfinder's resolution of the conflicting testimony. *Id.* Although the appellate court may act as a thirteenth juror, it should give due deference to the findings made by the factfinder. *Id.* at 388. Only in exceptional cases, where the evidence "weighs heavily against the conviction," should an appellate court overturn the trial court's judgment. *Id.*

{¶24} We now address the affirmative defense contained in R.C. 2919.21(D). In asserting this affirmative defense, Davis bears the burden of proving by a preponderance of the evidence that: (1) he was unable to provide the court-ordered support; and (2) he did provide such support as was within his ability and means. *State v. Brown*, 5 Ohio App.3d 220, 222, 451 N.E.2d 1232 (5th Dist.1982). Both elements must be met in order to successfully assert the affirmative defense of inability to pay. Further, "[l]ack of means alone cannot excuse lack of effort." *Id.*

{¶25} Davis asserts that he paid child support when he was able and within his means, and therefore the conviction should not stand. But the record directly contradicts Davis's blanket assertion, and Davis presented no evidence to support this affirmative defense. Again, the record reveals that Davis failed to make any payment for 20 months out of a 26-month period, despite earning money during this period. Davis further admitted to paying for his own rent, food, and even drug habit during this period. Davis

also admitted to not seeking any additional work to fulfill his support obligation.

{¶26} Based on the evidence in this case, we cannot say that the jury lost its way. Davis failed to establish the affirmative defense of inability to pay by a preponderance of the evidence, and the record clearly supports his conviction for criminal nonsupport.

{¶27} The second assignment of error is overruled.

{¶28} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, ADMINISTRATIVE JUDGE

FRANK D. CELEBREZZE, JR., J., and
MELODY J. STEWART, J., CONCUR