[Cite as *State v. Kidd*, 2016-Ohio-573.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

STATE OF OHIO

    Plaintiff-Appellee

-vs-

SHAWN E. KIDD

    Defendant-Appellant

JUDGES:
Hon. Sheila G. Farmer, P.J.
Hon. W. Scott Gwin, J.
Hon. William B. Hoffman, J.

Case No. 15AP0008

O P I N I O N

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Morgan County Court of Common Pleas, Case No. 2014CR0037 |
| JUDGMENT: | Affirmed in part; Vacated in part and Remanded |
| DATE OF JUDGMENT ENTRY: | February 16, 2016 |
| APPEARANCES: | |

For Plaintiff-Appellee

MARK J. HOWDYSHELL
Prosecuting Attorney
19 East Main Street
McConnelsville, Ohio 43756

For Defendant-Appellant

FREDERICK A. SEALOVER
45 N. Fourth Street
P.O. Box 2910
Zanesville, Ohio 43702-2910

*Hoffman, J.*

**{¶1}**   Defendant-appellant Shawn E. Kidd appeals his sentence entered by the Morgan County Court of Common Pleas, on six counts of nonsupport of dependents, in violation of R.C. 2919.21, following his entering a plea of guilty to the Indictment.  Plaintiff-appellee is the state of Ohio.

### STATEMENT OF THE CASE[1]

**{¶2}**   On August 16, 2014, the Morgan County Grand Jury indicted Appellant on the aforementioned charges.   Appellant entered a plea of not guilty to the charges on February 19, 2015.  The trial court conducted a change of plea hearing on March 17, 2015.  Appellant agreed to plead guilty to all six counts as set forth in the Indictment, and in exchange, the state recommended an aggregate sentence of thirty-six months. The trial court conducted a Crim. R. 11 colloquy with Appellant, accepted Appellant's plea, and found him guilty of all six counts of felony nonsupport of dependents.  The trial court deferred sentencing and ordered a presentence investigation.

**{¶3}**   The trial court conducted Appellant's sentencing hearing on July 14, 2015. At the hearing, the prosecutor recommended the trial court impose an aggregate prison term of 36 months. Attorney William Creighton, Counsel for Appellant, asked for leniency, noting Appellant was recovering from a recent hernia surgery and was scheduled for a follow-up doctor's appointment.  Atty Creighton also advised the trial court Appellant had secured employment and would commence working once he had recovered from surgery.

---

[1] A statement of the facts underlying Appellant's convictions is not necessary for our disposition of this Appeal.

**{¶4}** Before imposing its sentence, the trial court stated it had received Appellant's presentence investigation report and accompanying Ohio Risk Assessment System Report, which indicated Appellant had a moderate risk of re-offending. The trial court addressed Appellant, stating:

[T]he Court is aware of the fact that there should be community control sanction imposed; however, the presentence investigation indicates that there have been two prior cases of nonsupport * * * which both resulted in one year of confinement. * * *

So based on that, the Court is required to find that the mandatory community control is not applicable and the Court is required to look at the nine factors in 2929.13(B)(2) of the Revised Code to see if any of those factors are present.

In looking at those factors, the Court finds that one is present in that the offender has served a prior prison term.

So having made that determination, the Court then, after weighing the seriousness and recidivism factors, would find that prison would be consistent with the purposes and principles of sentencing, and based on the prior record, the Court finds that the offender is not amenable to an available community control sanction. So, consequently, the Court believes that it would be proper in this situation to impose a prison sanction.

In looking at these six cases, the Court also is aware of the fact that there is a presumption of concurrent prison terms; however, the Court does have discretion to impose consecutive prison terms if it's necessary to

protect and punish the offender, not disproportionate to the particular crime and if the Court can find, as it does in this case, that the criminal history of the offender shows that consecutive terms are needed to protect the public and that the harm suffered by the child was – children – by this nonsupport is so great or unusual a single term would not adequately reflect the serious [sic] of the conduct.

Tr. of Sentencing Hearing at 11-12.

{¶5} Thereafter, the trial court proceeded to sentence Appellant to six months on each of the six counts. The trial court ordered the terms be served consecutively for an aggregate term of imprisonment of 36 months. The trial court issued a Sentencing Entry on July 16, 2015. With respect to the imposition of consecutive sentences, the entry reads, "The Court considered both concurrent and consecutive prison terms. Criminal history of defendant suggests concurrent terms are not adequate." July 16, 2015 Sentencing Entry at 2, unpaginated.

{¶6} It is from this judgment entry Appellant appeals, raising the following assignments of error:

{¶7} "I. THE DEFENDANT-APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶8} "II. THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES UPON THE DEFENDANT-APPELLANT."

I

{¶9} In his first assignment of error, Appellant argues he was denied the effective assistance of counsel.

{¶10} The standard of review of an ineffective assistance of counsel claim is well-established. Pursuant to *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 673, in order to prevail on such a claim, the appellant must demonstrate both (1) deficient performance, and (2) resulting prejudice, i.e., errors on the part of counsel of a nature so serious that there exists a reasonable probability that, in the absence of those errors, the result of the trial court would have been different. *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶11} In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. *Id*. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists that counsel's conduct fell within the wide range of reasonable, professional assistance. *Id.*

{¶12} In order to warrant a reversal, the appellant must additionally show he was prejudiced by counsel's ineffectiveness. This requires a showing that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. at syllabus paragraph three. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id.*

{¶13} The United States Supreme Court and the Ohio Supreme Court have held a reviewing court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id*. at 143, quoting *Strickland* at 697.

**{¶14}** Appellant contends defense counsel was ineffective for failing to raise the affirmative defense set forth in R.C. 2919.21(D), which reads:

"It is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section or a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means.

**{¶15}** In asserting this affirmative defense, Appellant would have the burden of proving by a preponderance of the evidence: (1) he was unable to provide the court-ordered support; and (2) he did provide such support as was within his ability and means. *State v. Brown,* 5 Ohio App.3d 220, 222, 451 N.E.2d 1232 (5th Dist.1982). Both elements must be met in order to successfully assert the affirmative defense of inability to pay. Further, "[l]ack of means alone cannot excuse lack of effort." *Id.*

**{¶16}** Assuming, arguendo, defense counsel's performance was deficient due to his failure to advise Appellant of the possibility to assert the affirmative defense, we find Appellant is, nonetheless, unable to establish he was prejudiced by such deficiency in the record before us. Appellant points to the presentence investigation report as proof he was unable to provide the court-ordered support because he was unable to find a job. The record reveals Appellant was employed between 2007, and 2009, but during this time only made ten support payments, totaling $488.06, far below the amount which had been ordered by the court. This lack of consistency belies Appellant's assertion he had a viable affirmative defense. When he had the means to provide support, he made only meager

payments. Further, Appellant was able to secure employment shortly after entering his guilty plea. We find the presentence investigation report does not demonstrate Appellant had a viable affirmative defense sufficient to demonstrate a reasonable probability the outcome would have been different.

**{¶17}** Appellant's first assignment of error is overruled.

II

**{¶18}** In his second assignment of error, Appellant contends the trial court erred in imposing consecutive sentences. Specifically, Appellant claims the trial court failed to make the requisite findings prior to imposing a consecutive sentence.

**{¶19}** In *State v. Bonnell*, 140 Ohio St. 3d 209, 2014-Ohio-3177, syllabus, the Ohio Supreme Court found:

> In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.

**{¶20}** The sentencing court is not required to recite "a word-for-word recitation of the language of the statute." *Id.* at ¶ 29. "[A]s long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld." *Id.* A failure to make the findings required by R.C. 2929.14(C)(4) renders a consecutive sentence contrary to law. *Id.* at ¶ 34. The findings required by R.C. 2929.14(C)(4) must be made at the sentencing hearing and included in the sentencing entry. *Id.* at syllabus. However, a trial court's inadvertent failure to incorporate the statutory findings in the sentencing entry

after properly making those findings at the sentencing hearing does not render the sentence contrary to law; rather, such a clerical mistake may be corrected by the "court through a nunc pro tunc entry to reflect what actually occurred in open court. *Id.* at ¶ 30.

**{¶21}** At Appellant's sentencing hearing, the trial court indicated it had the discretion to impose consecutive prison terms "if it's necessary to protect and punish the offender, not disproportionate to the particular crime and if the Court can find, as it does in this case, that the criminal history of the offender shows that consecutive terms are needed to protect the public and that the harm suffered by the child was – children – by the nonsupport is so great or unusual a single term would not adequately reflect the serious [sic] of the conduct." Tr. of Sentencing Hearing at 12. Clearly, the trial court vocalized and understood the requisite findings necessary for consecutive sentences and impliedly made them in this case as evidenced by the imposition of consecutive sentences.

**{¶22}** However, in its sentencing entry, the trial court made no findings consecutive sentences are necessary to protect the public and to punish Appellant; consecutive sentences are not disproportionate to the seriousness of Appellant's conduct; and the harm caused by Appellant's conduct was so great or unusable that no single prison term could adequately reflect the seriousness of the criminal conduct. The state concedes the trial court failed to make the requisite findings. We find the trial court erred in failing to incorporate all of the findings required by R.C. 2929.14(C)(4), in its judgment entry. See, *State v. Hatfield,* Muskingum App. No. CT2014CA00052, 2015–Ohio–2846, ¶ 14.

**{¶23}** We vacate Appellant's sentence and remand this matter to the trial court for the limited purpose of correcting its sentencing entry to incorporate the necessary findings under R.C. 2929.14(C)(4).

**{¶24}** Appellant's second assignment of error is sustained,

**{¶25}** Appellant's conviction is affirmed but his sentence is vacated, and this matter is remanded to the trial court for further proceedings in accordance with this Opinion and the law.

By: Hoffman, J.

Farmer, P.J. and

Gwin, J. concur