[Cite as *State v. Balfour*, 2012-Ohio-3453.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97547**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## DA'LEON BALFOUR

DEFENDANT-APPELLANT

**JUDGMENT:**
**AFFIRMED**

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-540182

**BEFORE:**   Kilbane, J., Stewart, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:**   August 2, 2012

**ATTORNEY FOR APPELLANT**

Aaron T. Baker
Aaron T. Baker Co., L.P.A.
38109 Euclid Avenue
Willoughby, Ohio 44094

**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor
Donna Blough Thomas
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1}   Defendant-appellant, Da'Leon Balfour ("Balfour"), appeals his convictions for criminal nonsupport.   Finding no merit to the appeal, we affirm.

{¶2}   In July 2010, Balfour was charged with two counts of criminal nonsupport under R.C. 2919.21(A)(2).   Count 1 alleged that Balfour recklessly failed to provide adequate support to his minor child, H.B. (d.o.b. 05/19/03), with the dates of the offense from April 1, 2006 to March 31, 2008.   Count 2 alleged that Balfour recklessly failed to provide adequate support to H.B., with the dates of the offense from April 1, 2008 to March 31, 2010.   Both counts carried a furthermore clause stating that Balfour failed to provide support for a total accumulated period of 26 weeks out of 104 consecutive weeks.   The matter proceeded to a jury trial, at which the following evidence was adduced.

{¶3}   Paulina Raspovic ("Raspovic"), a support officer for the Cuyahoga County Child Support Enforcement Agency ("CSEA"), testified that she handles cases in the criminal nonsupport caseload.   In May 2004, CSEA ordered Balfour, as H.B.'s father, to pay $232.53 per month in child support.   At the time of this order, Balfour was unemployed, but the support order was based on an imputed annual income of $14,560 and hourly wage of $7.00/hour due to Balfour's education and recent work history.

{¶4}   In August 2008, the Juvenile Court Division of the Cuyahoga County Common Pleas Court held a contempt hearing for Balfour's failure to pay child support.

The court found Balfour in contempt of the CSEA order and ordered $8,691.61 in arrears. The court ordered Balfour to 30 days in jail, but suspended the sentence. In February 2009, CSEA filed a motion to execute sentence. The court held a hearing on the motion in April 2009. Balfour failed to appear at this hearing so the trial court issued a capias for Balfour's arrest. Raspovic further testified that Balfour failed to make any payments from April 1, 2006 to March 31, 2008 and Balfour made five payments from April 1, 2008 to March 31, 2010. She testified that Balfour missed 26 weeks out of a 104 consecutive weeks of payments during both time periods.

{¶5} Thomas Thiry, Chief Financial Officer of Dave's Supermarkets, testified that Balfour worked at Dave's from June 30, 2008 to August 23, 2008. Balfour was terminated during his probationary period. While Balfour was employed at Dave's, $238.42 was taken out of his paycheck for child support payments.

{¶6} Tej Singh testified that she owns three Subway Restaurants. Balfour worked for her May 15, 2007 to June 30, 2007. Balfour earned a total of $1,852.92 while working for Singh. Balfour was fired when he failed to show up for work without explanation.

{¶7} Balfour testified on his own behalf. He testified that he has been homeless for the past four years, "sleep[ing] on porches or whosoever's house [he] can stay at." He used to live in his grandmother's house and still uses his grandmother's address. His mother kicked him out of the house four years ago. He never graduated from high school. At the time of trial, Balfour had two other children born after H.B., a

two-year-old son and a nine-month-old daughter. Balfour testified that he does not have a support order for these children. Balfour further testified that he does not currently own a car, but has previously owned two cars. Balfour is skilled at automobile repair and selling car parts. Balfour currently is employed as a dishwasher at a restaurant.

{¶8} On cross-examination, Balfour testified that he is aware of the court order to pay child support. Balfour acknowledged that he did not pay any child support from April 1, 2006 to March 31, 2008 and a total of $415 from April 1, 2008 to March 31, 2010. He further testified that he missed 26 weeks out of a 104 consecutive weeks of payments during both time periods. He testified that he never notified CSEA that he was homeless.

{¶9} Balfour worked at AutoZone for seven months sometime between 2005 and 2006 and made $8,000. Balfour acknowledged that he owned two cars during the indictment period. He junked a third car for $200 and did not give any of that money to CSEA. Balfour further testified that he does not have any health problems, which would prevent him from getting a job. He testified that he attempted to find work, but does not have paperwork documenting that he applied for any jobs during the indictment periods.

{¶10} At the conclusion of trial, the jury found Balfour guilty of both counts. The trial court sentenced Balfour to five years of community control sanctions on each of Counts 1 and 2.

{¶11} Balfour now appeals, raising the following single assignment of error for review.

ASSIGNMENT OF ERROR

The trial court erred in finding [Balfour] guilty against the manifest weight of the evidence.

**{¶12}** In his sole assignment of error, Balfour argues that his convictions are against the manifest weight of the evidence.

**{¶13}** With regard to a manifest weight challenge, the

reviewing court asks whose evidence is more persuasive — the state's or the defendant's? * * * "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony. [*State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997)], citing [*Tibbs v. Florida*, 457 U.S. 31, 42, 102 S.Ct. 2211, 72 L.Ed.2d 652 (1982)].

*State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264, ¶ 25.

**{¶14}** Moreover, an appellate court may not merely substitute its view for that of the jury, but must find that "'in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.'" *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 485 N.E.2d 717 (1st Dist.1983). Accordingly, reversal on manifest weight grounds is reserved for "'the exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Martin*.

**{¶15}** In the instant case, Balfour was convicted of criminal nonsupport under R.C. 2919.21(A)(2), which provides in pertinent part: "[n]o person shall abandon, or fail to provide adequate support to * * * [t]he person's child who is under age eighteen[.]" R.C. 2929.21(G) elevates the crime to a fifth degree felony when the offender fails to

provide support for a total accumulated period of 26 weeks out of 104 consecutive weeks.

Balfour argues his convictions were against the manifest weight of the evidence because he met the affirmative defense set forth in R.C. 2919.21(D), which provides that:

> [i]t is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section * * * that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means.

He claims that he was unable to meet his support obligations, despite his best efforts.

{¶16} To establish this affirmative defense, Balfour was required to demonstrate, by a preponderance of the evidence, that he was unable to provide adequate support "but did provide the support that was within [his] ability and means."  R.C. 2919.21(D); R.C. 2901.05(A).   In proving this affirmative defense "a lack of means cannot excuse a lack of effort on the part of the accused."   *State v. Wheat*, 6th Dist. No. 92WD090, 1993 Ohio App. LEXIS 4970 (Oct. 15, 1993), citing *State v. Brown*, 5 Ohio App.3d 220, 451 N.E.2d 1232 (5th Dist.1982).

{¶17} The evidence indicates that Balfour failed to make any payments from April 1, 2006 to March 31, 2008, and that he made five payments totaling $415 from April 1, 2008 to March 31, 2010.   Balfour acknowledged that he missed 26 weeks out of a 104 consecutive weeks of payments during both time periods.   Balfour testified that he was "basically homeless" during this time.   He claims that he used his "best efforts" to pay his child support obligation.   However, he did not have any documentation supporting the efforts he made to get a job.   He had a job at AutoZone from 2005 to 2006, at which he made $8,000.   Then in 2007 and 2008, Balfour had a job with Subway and Dave's

Supermarket, but quickly lost both jobs because of his own actions. Additionally, Balfour testified that he did not have any health problems that would prevent him from working, and that he was skilled at fixing cars and selling car parts. He also testified that he received $200 for a junked car and did not send any of those proceeds to CSEA.

{¶18} The jury heard this testimony and was instructed on the affirmative defense. The jury, however, chose to convict Balfour of both counts of criminal nonsupport. "Because the trier of fact sees and hears the witnesses at trial, we must defer to the fact finder's decisions whether, and to what extent, to credit the testimony of particular witnesses." *State v. Dawson*, 2d Dist. No. 24558. 2012-Ohio-627, ¶ 23, citing *State v. Lawson*, 2d Dist. No. 16288, 1997 Ohio App. LEXIS 3709 (Aug. 22, 1997) (where the Second District Court of Appeals rejected appellant's argument that his conviction for criminal nonsupport was against the manifest weight of the evidence because of the affirmative defense in R.C. 2919.21(D)). Thus, based on the record before us, we cannot say the jury "clearly lost its way" in finding Balfour guilty of criminal nonsupport.

{¶19} The sole assignment of error is overruled.

{¶20} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.


_____
MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR