DECISION
{¶ 1} Defendant-appellant, Nathaniel Holmes, Sr., was indicted on one count of non-support, a violation of R.C.2919.21. The indictment covered the time period of August 9, 1998 through August 9, 2000. After a jury trial, appellant was found guilty, placed on community control and ordered to pay full restitution in the amount of $29,729.92 to the Franklin County Child Support Enforcement Agency ("FCCSEA").
 {¶ 2} Appellant filed a notice of appeal and raises the following assignments of error:
FIRST ASSIGNMENT OF ERROR
There was insufficient evidence to support the guilty verdict, and the verdict was against the manifest weight of the evidence, thereby, depriving Appellant of his due process protections under the state and federal Constitutions.
SECOND ASSIGNMENT OF ERROR
There was sufficient credible evidence to establish the affirmative defense set forth in R.C. 2919.21(D) by a preponderance of the evidence.
THIRD ASSIGNMENT OF ERROR
Appellant was denied his right to a fair trial because of prosecutorial misconduct during closing argument.
 {¶ 3} The first two assignments of error are related and shall be addressed together. By the first assignment of error, appellant contends that there was insufficient evidence to support the guilty verdict and the verdict was against the manifest weight of the evidence. By the second assignment of error, appellant contends that there was sufficient credible evidence to establish the affirmative defense set forth in R.C.2919.21(D) by a preponderance of the evidence.
 {¶ 4} The standard of review for sufficiency of the evidence is if, while viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. "In essence, sufficiency is a test of adequacy. Whether the evidence is legally sufficient to sustain a verdict is a question of law." State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 5} The test for determining whether a conviction is against the manifest weight of the evidence differs somewhat from the test as to whether there is sufficient evidence to support the conviction. With respect to manifest weight, the evidence is not construed most strongly in favor of the prosecution, but the court engages in a limited weighing of the evidence to determine whether there is sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt. See State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387.
* * * Weight of the evidence concerns "the inclination of thegreater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the greater amount of credibleevidence sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on itseffect in inducing belief." (Emphasis added.) Black's [Law Dictionary (6th Ed. 1990)] at 1594). Thompkins, at 387.
 {¶ 6} Appellant was charged with the offense of non-support as defined in R.C. 2919.21(B), as follows:
(B) No person shall abandon, or fail to provide support as established by a court order to, another person whom, by court order or decree, the person is legally obligated to support.
 {¶ 7} A charge under R.C. 2919.21(A) or (B) is a misdemeanor of the first degree. See R.C. 2919.21(G)(1). However, the charge is elevated to a fifth-degree felony if the accused failed to provide support for a total accumulated period of 26 weeks out of 104 consecutive weeks, whether or not the 26 weeks were consecutive. Id.
 {¶ 8} The evidence at trial consisted of the testimony of the mother of appellant's child, Sandra Sandoval, who stated that she and appellant have a son, Nathaniel Holmes, Jr., who was born on September 12, 1988. In June 1992, the Franklin County Court of Common Pleas ordered appellant to pay child support through the FCCSEA in the amount of $194.50 per month, plus processing charge. In February 1998, the court increased the amount to $376.75 per month, plus processing fee. Sandoval did not remember receiving any child support payments from August 9, 1998 through August 9, 2000.
 {¶ 9} The keeper of the records and representative of FCCSEA on payment records also testified. She stated that, in August and September 1998, appellant paid $450 each month, $300 in October 1998, and then no payments were made until February 1999. In February 1999, appellant paid $200; $400 in March; $500 in April; $400 in May; $400 in June; $450 in July; and almost $200 in August. No payments were made between September 1999 and August 2000.
 {¶ 10} Appellant testified that, while he was employed, his employer deducted the payments from his check. From May 1997 until October 1998, he was employed by OmniSource as a truck driver. He was also employed by UPS for three weeks, but his employment was terminated because he needed more experience connecting double trailers. He then began working for OmniSource again in February 1999, but his employment was terminated in July 1999 because he displayed improper conduct and misappropriated company property. He also testified that this incident was a misunderstanding and he was rehired in approximately June or July 2001. He had trouble remaining employed because he had several health problems, including: being morbidly overweight; severely depressed; diabetes; high blood pressure; and, grossly swollen legs. He sought medical treatment when he was admitted to the hospital in November 2000. Appellant also testified that his son lived with him during the summers and visited during holidays. He provided the support he was able to provide within his means.
 {¶ 11} Nora J. Ragland testified on appellant's behalf. She is a friend of appellant's and confirmed that appellant had many health problems, including high blood sugar levels, high blood pressure and depression. His swollen leg prevented him from being able to" get around." (Tr. at 111.) Since October 1998, when she met appellant, he had health problems which created employment problems; however, during the two years relevant to the indictment, he did not seek medical treatment. Ragland met appellant's son while he was living with appellant during the summer and saw him during holiday visits.
 {¶ 12} In State v. Collins (2000), 89 Ohio St.3d 524, the Supreme Court of Ohio determined that R.C. 2919.21(B) requires the state to prove recklessness in failing to provide support. InCollins, the court also found that, where there is a court order mandating that a person submit child support payments to a specific agency and that agency shows no record of any payments having been received from that person over a period of many years, a circumstantial inference arises that the person was aware of the obligation to pay and yet did not do so.
* * * The state most commonly proves criminal intent through circumstantial evidence. Where, after notice and opportunity to be heard, a court order is issued mandating a person to submit child support payments to a specific agency of government, and that agency shows no record of any payments having been received from that person over a period of many years, a circumstantial inference arises that the person was aware of the obligation to pay and yet did not do so. * * * Where no payments reach the agency over a period of many years, it may be inferred that the obligor took no action to ensure payment, and, in fact, intended not to pay. Accordingly, where no evidence is presented to counter that inference, such as evidence of mistake or misdirected payments, a jury has evidence before it sufficient to establish a culpable mental state of at least recklessness, beyond a reasonable doubt. * * *
Collins, at 530.
 {¶ 13} R.C. 2919.21(D) provides an affirmative defense to the offense of non-support, as follows:
(D) It is an affirmative defense to a charge of failure to provide adequate support under division (A) of this section or a charge of failure to provide support established by a court order under division (B) of this section that the accused was unable to provide adequate support or the established support but did provide the support that was within the accused's ability and means.
 {¶ 14} The burden of production and the burden of proof by a preponderance of the evidence for the affirmative defense is upon the accused. R.C. 2901.05(A). In this case, appellant had to prove, by a preponderance of the evidence that: (1) he is unable to provide the court-ordered support; and (2) he did provide such support as was within his ability and means. State v. Brown
(1982), 5 Ohio App.3d 220, 222." Lack of means alone cannot excuse lack of effort." Id.
 {¶ 15} While the state provided evidence that appellant did not make payments for at least 26 out of 104 consecutive weeks, appellant provided evidence through his testimony and Ragland's testimony that he was, at times, unable to maintain employment because of his health problems. Appellant and Ragland testified that appellant did support his son when his son lived with him in the summers and visited over holidays. Appellant stated that he provided the support that was within his means. Appellant did make payments when he was working, and made larger payments than required. He supported his son when he lived with him even though he was not working.
 {¶ 16} The state did not rebut this evidence. Sandoval could not remember whether appellant had made any payments during the relevant time period and also could not remember whether her son had lived with appellant during the summers or visited over holidays. Appellant provided evidence both that he was unable to provide the court-ordered support, and he did provide such support as was within his ability and means. He provided evidence of the affirmative defense of inability to pay and sufficient evidence to rebut the inference of reckless behavior in not supporting his son. We do not find that the evidence is insufficient. However, with respect to manifest weight of the evidence, the evidence is not construed most strongly in favor of the prosecution, and, while engaging in a limited weighing of the evidence, we determined there is not sufficient competent, credible evidence which could convince a reasonable trier of fact of appellant's guilt beyond a reasonable doubt because appellant established an affirmative defense by a preponderance of the evidence. Appellant's first assignment of error is well-taken in part, and the second assignment of error is well taken.
 {¶ 17} By the third assignment of error, appellant contends that he was denied his right to a fair trial because of prosecutorial misconduct during closing argument. Given our disposition of the first and second assignments of error, the third assignment of error has been rendered moot.
 {¶ 18} For the foregoing reasons, appellant's first assignment of error is sustained in part and overruled in part, the second assignment of error is sustained, and the third assignment of error is moot. The judgment of the Franklin County Court of Common Pleas is reversed.
Judgment reversed.
Klatt and Deshler, JJ., concur.
Deshler, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.