[Cite as *State v. D.L.B.*, 2017-Ohio-1126.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | : | No. 16AP-632 |
| v. | : | (C.P.C. No. 14CR-6123) |
| [D.L.B.], | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on March 28, 2017

**On brief:** *Ron O'Brien,* Prosecuting Attorney, and *Michael P. Walton,* for appellee. **Argued:** *Michael P. Walton.*

**On brief:** *Todd W. Barstow,* for appellant. **Argued:** *Todd W. Barstow.*

APPEAL from the Franklin County Court of Common Pleas

HORTON, J.

{¶ 1} Defendant-appellant, D.L.B., appeals from a judgment of the Franklin County Court of Common Pleas finding him guilty of nonsupport of dependents in violation of R.C. 2919.21. For the following reasons, we affirm.

I. FACTS AND PROCEDURAL HISTORY

{¶ 2} The Franklin County Grand Jury indicted appellant on November 18, 2014, on two counts of nonsupport of dependents pursuant to R.C. 2919.21, both felonies of the fifth degree. Count 1 of the indictment alleged that appellant:

> [O]n or about November 9, 2010 to November 9, 2012, within the County of Franklin aforesaid, in violation of section 2919.21 of the Ohio Revised Code, did recklessly abandon or fail to provide adequate support to the person's child, [E.B.], who was under age eighteen and/or did recklessly abandon,

> or fail to provide support as established by a court order to [E.B.], whom, by court order or decree, [D.L.B.] was legally obligated to support and the offender failed to provide support for a total accumulated period of twenty-six weeks out of one hundred four consecutive weeks, whether or not the twenty-six weeks were consecutive.

(Indictment at 1.) Count 2 of the indictment recited the same allegations except the date of the offense was November 10, 2012 to November 10, 2014. *Id.*

{¶ 3} On July 19, 2016, a jury trial began in the Franklin County Court of Common Pleas. Trial testimony revealed that E.B. was born on April 29, 1997. K.M. is E.B.'s mother and has had custody of him since birth. (Tr. Vol. I at 37, 43.) At some point after E.B.'s birth, K.M. went to the Franklin County Child Support Enforcement Agency ("CSEA") and established, through DNA testing, that appellant was E.B.'s father. (Tr. Vol. I at 38.) In January 1998, appellant was ordered by the Franklin County Juvenile Court to pay child support for his son. (Tr. Vol. I at 39; State's Ex. A.) K.M. testified that she had initially received payments through the CSEA, but had not received any payments since E.B. was 10 years old, i.e., in 2007. (Tr. Vol. I at 45-46.) The records show that appellant's last regular child support payment was on November 29, 2007, with the last payment of any kind occurring on June 1, 2009. (Defendant's Ex. 1.) K.M. testified that she supported her son by working two jobs. (Tr. Vol. I at 43.)

{¶ 4} Julie Hammond, a client affairs officer with the CSEA, testified that CSEA's records showed no payments were made by appellant from November 1, 2010 through November 30, 2014, those being the relevant dates in the indictment. (Tr. Vol. II at 56, 65-66; State's Ex. C.) Hammond testified that the state authorizes the CSEA to go to court to administratively, through the Bureau of Motor Vehicles ("BMV"), suspend somebody's driver's license if they do not pay their court-ordered child support. (Tr. Vol. II at 71.) CSEA can bring about a license suspension if the obligor is at least one month behind on payments. (Tr. Vol. II at 71-72.) She further testified that it is a "discretionary enforcement" practice and depends in large part on the nature of the communication, if any, of the obligor with the CSEA. (Tr. Vol. II at 72.) Hammond also testified that a license suspension can be removed if a suspended license would stand in the way of an obligor obtaining employment. (Tr. Vol. II at 73.)

{¶ 5}   Appellant testified that, at one time, he lived in Columbus, but he has lived in Warren for several years. (Tr. Vol. II at 80-82.)  He described how he had worked hard to earn his commercial driver's license ("CDL") and had gained steady employment as a truck driver. He paid child support as ordered through wage withholding. However, at some point, he failed to make support payments, and the CSEA suspended his driving privileges through the BMV.  After that, he testified that he struggled to find employment, holding a series of menial jobs and caring for elderly family members. (Tr. Vol. II at 80-108.)

{¶ 6}   However, on cross-examination, appellant testified that he was not working as a truck driver, but was taking care of his grandmother and, therefore, was in arrears on his child support payments at the time his CDL was suspended. (Tr. Vol. II at 98-99.)  In addition, after his license suspension, appellant worked several jobs but did not make any child support payments. (Tr. Vol. II at 105-06.) On July 21, 2016, the jury found appellant guilty on Count 1 of the indictment, but were unable to render a verdict on Count 2 of the indictment. The state ultimately dismissed Count 2 of the indictment. On August 8, 2016, the trial court held a sentencing hearing and imposed a term of community control, suspending a one-year term of incarceration, and ordered appellant to pay an arrearage amount of $33,779.85.  (Aug. 9, 2016 Jgmt. Entry at 1-2.)  Appellant filed a timely notice of appeal with this court on September 7, 2016.

## II.  ASSIGNMENT OF ERROR

{¶ 7}   Appellant assigns the following errors:

> I. THE TRIAL COURT ERRED AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION BY FINDING HIM GUILTY OF NONSUPPORT OF DEPENDENTS AS THAT VERDICT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS ALSO AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> II. APPELLANT INTRODUCED SUFFICIENT CREDIBLE EVIDENCE TO ESTABLISH THE AFFIRMATIVE DEFENSE SET FORTH IN R.C. 2919.21(D) BY A PREPONDERANCE OF THE EVIDENCE.

**III. ASSIGNMENT OF ERROR ONE—CONVICTIONS DID NOT LACK SUFFICIENT EVIDENCE, NOR WERE THEY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE**

{¶ 8} Sufficiency of the evidence is a legal standard that tests whether the evidence introduced at trial is legally sufficient to support a verdict. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). We examine the evidence in the light most favorable to the state and conclude whether any rational trier of fact could have found that the state proved, beyond a reasonable doubt, all of the essential elements of the crime. *State v. Jenks*, 61 Ohio St.3d 259 (1991). In reviewing the sufficiency of the evidence, this court must not "disturb the verdict unless [the court] determine[s] that reasonable minds could not arrive at the conclusion reached by the trier of fact" and reviewing courts do not evaluate witness credibility when reviewing the sufficiency of the evidence. *State v. Saleh*, 10th Dist. No. 07AP-431, 2009-Ohio-1542, ¶ 81.

{¶ 9} This court in *State v. Baatin*, 10th Dist. No. 11AP-286, 2011-Ohio-6294, ¶ 8-11, stated the applicable law concerning manifest weight of the evidence:

> Although sufficiency and manifest weight are different legal concepts, manifest weight may subsume sufficiency in conducting the analysis; that is, a finding that a conviction is supported by the manifest weight of the evidence necessarily includes a finding of sufficiency. *State v. McCrary*, 10th Dist. No. 10AP-881, 2011-Ohio-3161, ¶ 11 * * *. Thus, a determination that a conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency. *Id.* * * *
>
> The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52, 678 N.E.2d 541. * * *
>
> When presented with a challenge to the manifest weight of the evidence, an appellate court may not merely substitute its view for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Id.* at 387. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only

the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*; *State v. Strider-Williams*, 10th Dist. No. 10AP-334, 2010-Ohio-6179, ¶ 12.

In addressing a manifest weight of the evidence argument, we are able to consider the credibility of the witnesses. *State v. Cattledge*, 10th Dist. No. 10AP-105, 2010-Ohio-4953, ¶ 6. However, in conducting our review, we are guided by the presumption that the jury * * * " 'is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony.' " *Id.* * * *. Accordingly, we afford great deference to the jury's determination of witness credibility. *State v. Redman*, 10th Dist. No. 10AP-654, 2011-Ohio-1894, ¶ 26.

{¶ 10} Here, appellant fails to point to any evidence in the record to support his argument. Appellant has not explained which element or elements of the offense received less than sufficient support. As such, this court could simply ignore this assignment of error pursuant to App.R. 12(A)(2) and 16(A)(7). Appellate courts are not required to search the record for evidence supporting an appellant's argument. *Natl. City Real Estate Servs. LLC v. Shields*, 11th Dist. No. 2012-T-0076, 2013-Ohio-2839, ¶ 42. However, in the interest of justice, we will address appellant's first assignment of error.

{¶ 11} To support a fifth-degree felony offense, the state was required to provide sufficient evidence that the nonsupport occurred for at least 26 weeks out of a 104 consecutive week period of time. R.C. 2919.21(G)(1). The state's case was supported by the testimony of K.M. and Hammond. Collectively, they gave unrebutted testimony that appellant was the obligor on a child support order and that he had not made any payments between November 1, 2010 and November 30, 2014. Therefore, the state presented sufficient evidence to support a conviction for nonsupport as a fifth-degree felony.

{¶ 12} After a thorough review, we find that the jury did not lose its way, nor create a manifest miscarriage of justice. We find that the evidence supports the jury's verdict. Accordingly, appellant's conviction is supported by sufficient evidence, and is not against the manifest weight of the evidence. Therefore, appellant's first assignment of error is overruled.

## IV. ASSIGNMENT OF ERROR TWO—APPELLANT DID NOT PROVE AN AFFIRMATIVE DEFENSE

{¶ 13} Appellant argues that he introduced sufficient and competent evidence to establish by a preponderance of the evidence an affirmative defense as defined by R.C. 2919.21(D). In effect, appellant contends that his conviction for nonsupport was against the manifest weight of the evidence. R.C. 2919.21(D) provides an affirmative defense to a prosecution brought under R.C. 2919.21(B). The burden of production and the burden of proof by a preponderance of the evidence for the affirmative defense is upon the accused. R.C. 2901.05(A). In this case, appellant had to prove, by a preponderance of the evidence, that: (1) he is unable to provide the court-ordered support; and (2) he did provide such support as was within his ability and means. *State v. Brown*, 5 Ohio App.3d 220, 222 (5th Dist.1982). "Lack of means alone cannot excuse lack of effort." *Id.*

{¶ 14} Appellant claims that his appeal is in accord with our decision in *State v. Holmes*, 10th Dist. No. 03AP-797, 2004-Ohio-2135. In *Holmes,* this court found that Holmes had introduced sufficient evidence at trial as to the nonsupport affirmative defense. In *Holmes*, this court found that Holmes was unable to work at times due to medical problems, but that he had provided the support that was within his means when he was working, and by supporting his son during periods in which the son lived with him. *Holmes* at ¶ 16. This court stated "[a]ppellant provided evidence both that he was unable to provide the court-ordered support, and he did provide such support as was within his ability and means." *Id.* No such evidence was presented here.

{¶ 15} In contrast to *Holmes,* appellant did not claim, nor was there any evidence, that he had any problems that prevented him from working. He claimed that he had not been able to find work after his CDL suspension. However, based on his testimony, appellant had stopped working and, as a result, was in arrears on his child support payments, prior to his CDL suspension. Appellant also testified that he had at least two jobs after his license suspension, but that he had failed to forward any money to the CSEA. He made no support payments during the period covered by the indictment. In short, appellant did not prove by a preponderance of the evidence that he was "unable" to provide the ordered support, and that he provided "the support that was within [his] ability and means." R.C. 2919.21(D).

{¶ 16} The jury found that appellant failed to meet the requirements of R.C. 2919.21(D), and rejected his affirmative defense argument. After a thorough review, we find that the jury did not lose its way, nor create a manifest miscarriage of justice. We find that the evidence in the record supports the jury's verdict. Accordingly, appellant's second assignment of error is overruled.

## V.  DISPOSITION

{¶ 17} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and BRUNNER, JJ., concur.

_____